IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD U. FULLARD,            )
                                )
        Plaintiff,               )
                                )
    v.                           )    1:15CV16
                                )
TWANDA STALEY,                   )
                                )
        Defendant(s).            )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Reginald U. Fullard, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names Twanda Staley, an employee of the Department of Social Services in Forsyth County, North Carolina, the Department of Social Services itself, Forsyth Child Support Enforcement, and the Forsyth County District Court as Defendants. His allegations are vague, but he claims that Defendants mishandled a child support or child services matter thereby creating "disfunctional [sic] disturbances" in his life, denying his "Rights of Family Affections," violating his rights under the Eighth and Ninth Amendments of the United States Constitution, and causing him mental and emotional distress.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pertinent to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Boiled down to their essentials, Plaintiff's claims allege that Defendants upset him by the way they handled a child support or child services matter. Even if true, this does not state any claim for relief. Section 1983 is not a statute allowing causes of action based simply upon general upset or emotional distress. Instead, Plaintiff must allege that Defendants violated his specific federal constitutional or statutory rights. In this regard, he claims that they deprived him of his right to family affection, which is not a federal statutory or constitutional right. He also claims that they violated his rights under the Eight and Ninth Amendments. However, the Eighth Amendment prevents cruel and unusual punishments and excessive fines and bail. None of Plaintiff's allegations have to do with any criminal matter that could involve punishment, fines, or bail. Therefore, the Eighth Amendment is inapplicable. As for the Ninth Amendment, it "is a rule of interpretation rather than a source of rights." Froehlich v. State, Dept. of Corrections, 196 F.3d 800, 802 (7th Cir. 1999). Therefore, it cannot be the basis of a civil rights claim. Johnson v. Texas Bd. of Criminal Justice, 281 F. App'x 319, 320 (5th Cir. 2008). Plaintiff states no cognizable claim for relief under § 1983 and his case should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment if he has sufficient funds to do so. Because it appears that

Plaintiff possesses no funds with which to make such a payment, the Court will not order any initial payment, but will instead order that funds be withdrawn from his prison account as they become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of February, 2015, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for state a claim upon which relief may be granted.

This, the 29th day of January, 2015.

Joe L. Webster
United States Magistrate Judge